857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carole L. PAGE, Plaintiff-Appellant,
v.
E.I. Du PONT De NEMOURS AND COMPANY, Defendant-Appellee.
 No. 87-3754.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1988.
Decided: Sept. 7, 1988.
 
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 Richard Green Dusenbury (Dusenbury & Snow, P.A., on brief), for appellant.
 Gardner G. Courson (William S. Myers, G. Daniel Ellzey, Ogletree, Deakins, Nash, Smoak and Stewart, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, Carole L. Page, was an employee of the defendant-appellee, E.I. Du Pont DeNemours & Company, Inc., from March 23, 1981 until August 2, 1985. Page has sued Du Pont alleging that she was a victim of sex discrimination while an employee of Du Pont's Florence, S.C. plant. Page alleged below that Du Pont violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq., in four ways: first, through discriminatory discharge based on Page's sex, in violation of section 703(a)(1);[1] second, through sexual harassment resulting from a sexually hostile work environment in violation of section 703(a)(1); third, through retaliatory discharge in response to Page's filing of a complaint of sexual harassment, in violation of section 704(a);[2] and fourth, through retaliatory discrimination in the form of a sexually hostile work environment, created or tolerated in retaliation for registering a complaint of sexual harassment, also in violation of section 704(a). Du Pont contended, on the other hand, that any hostility Page encountered at work was due not to her sex but to her abrasive personality and that she was ultimately discharged because of excessive absenteeism.
 
 
 2
 Following a bench trial the district court found against Page on all her causes of action and granted judgment in favor of Du Pont. Page's primary claim was sexual harassment. She based such claim on a sexual advance by her fellow employee, Cecil Hooks, during work hours, and on sexually suggestive graffiti placed in the wall of the ladies' rest facilities in the area where she worked. She seeks to hold the employer responsible for these actions under the doctrine of respondeat superior. The circumstances under which such a claim can be successfully asserted against an employer were stated by us in Katz v. Dole, 709 F.2d 251, 251 (4th Cir.1983), and later by the Supreme Court in Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 91 L.Ed.2d 49, 106 S.Ct. 2399 (1986)[3]. The requirements are that knowledge of the alleged incident of sexual impropriety be brought to the attention of the employer and that the employer take action to reprimand the offending employee and to take appropriate steps to prevent a recurrence of the impropriety. Katz, at 256. Turning first to the graffiti incident, Page never brought such incident to the employer's attention, nor is there any evidence the employer knew of the incident. This fact is sufficient to dismiss this claim. Page did, however, bring the improper sexual advances of her fellow employee to the attention of the employer, and the employer promptly investigated the incident, gave the offending employee a formal reprimand, duly recorded the incident on the offending employee's employment record, and warned him of discharge if there were any repetition of the offense. The employer also called a meeting of the employees in Page's department and severely admonished them all against any improper sexual harassment toward female employees and particularly of Page. There were, according to Page herself, no sexual improprieties by the offending employee or any other male employee after these steps had been taken by the employer. The district judge found that the employer therefore had met its burden under Katz, and Meritor, supra, and dismissed this claim. His decision on this point, based on a careful and detailed review of the evidence, was amply supported by the record and was not clearly erroneous.
 
 
 3
 Page also alleges that her discharge was in retaliation for the filing of her sexual harassment charge. It was the employer's defense to this claim that Page was discharged not because of her filing of the charge but because of a record of absenteeism extending over several years, finally culminating at the time of her discharge in 1985, when she had a record of 85.6% absences when she was scheduled to work. Her attendance record at that time had so deteriorated that her continued employment in the department was clearly intolerable. During all the preceding years the employer had made repeated unsuccessful efforts to assist Page in improving her attendance record and condoned her excessive absence until in 1985 when the absences became so excessive. The district court found that Page did not refute this evidence. The district judge accordingly found that Page's discharge was not retaliatory but was reasonably justified by Page's inexcusable attendance record at the time of her discharge. The employer's discharge for absenteeism was accordingly found not to be pretextual. The record amply supports this finding and sustains the dismissal of this cause of action.
 
 
 4
 The other claims of Page were related to two relatively trivial incidents. The district judge, however, considered these carefully, reviewed painstakingly the evidence, and found that they were without merit. Such findings are amply supported by the record and were not clearly erroneous. We accordingly affirm the judgment herein on the basis of the excellent opinion of the district judge.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 2000e-2(a)(1) (1982)
 
 
 [2]
 42 U.S.C. Sec. 2000e-3(a) (1982)
 
 
 [3]
 Meritor involved an allegation of unwelcome sexual advances by the complaining employee's supervisor. In this case the offending party was a fellow employee and not Page's supervisor